UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BAILY INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-1708 JAR |
| ) | |
| HARCROS CHEMICALS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. No. 7) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff Baily International Inc. ("Baily") brings this action for negligence (Count I) and breach of express and implied warranties (Counts II-IV) against Defendant Harcros Chemicals, Inc. ("Harcros"), a Kansas corporation in the business of manufacturing, selling and delivering food grade and industrial grade chemicals. (Complaint ("Compl."), Doc. No. 1 at ¶ 3) Baily is in the business of manufacturing and selling food sauces in single serve plastic packets. (Id. at ¶ 2)

The parties' relationship dates back to 2001, when Harcros began supplying "food grade" chemicals to Baily. (Id. at ¶¶ 7-8) From 2007 to 2010, Baily entered into agreements with Harcros to purchase "food grade" Glacial Acetic Acid for use in its Spice King food sauce products. (Id. at ¶¶ 9, 14) Baily alleges that "[a]t an unknown time, without notifying Baily and without seeking or receiving Baily's permission, Harcros delivered an unknown quantity of Glacial Acetic Acid that was not "food grade" quality" to Bailey's St. Louis, Missouri facility.

(Id. at ¶ 13) On April 26, 2011, the Food and Drug Administration ("FDA") inspected Baily's plant and identified a Harcros barrel of Glacial Acetic Acid that was not "food grade." (Id. at ¶ 17) Baily was subsequently required by the FDA to recall all of its products using the non-food grade Glacial Acetic Acid. (Id. at ¶¶ 17-18, 21) Bailey alleges that as a result of the recall, it has incurred substantial damages to its business and its Spice King brand. (Id. at ¶¶ 22-23)

**Legal standard**

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must assume all the facts alleged in the complaint are true, and liberally construe the complaint in the light most favorable to the plaintiff. Foster v. Deutsche Bank Nat. Trust Co., 2012 WL 5285887, at *2 (E.D.Mo. Oct. 25, 2012) (citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008)). The allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004).

**Discussion**

**Negligence (Count I)**

Under Missouri law, in any negligence action, the plaintiff must first establish that a duty of care is owed to the plaintiff by the defendant to protect the plaintiff from the alleged injury suffered. City of Kennett v. Wartsila North America, Inc., 2005 WL 3274334, at *2 (E.D.Mo. Dec. 2, 2005) (citing Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 197 (8th

Cir. 1995)). The plaintiff must then establish that the defendant failed to perform the duty and that failure was the proximate cause of plaintiff's injury. Burns v. Black & Veatch Architects, Inc., 854 S.W.2d 450, 452-53 (Mo.Ct.App.1994) (citing Krause v. U.S. Truck Co., 787 S.W.2d 708, 710 (Mo. banc.1990)).

Harcros argues that Baily's claim for negligence is not a viable claim under Missouri law because it is merely a restatement of its breach of contract claims and not based on a breach of any duties independent of the duties provided for under the applicable sales agreements. (Doc. No. 8 at 3-6) Baily responds that it did not allege the existence of any sales agreement or contract and that in any event, the existence of a contract does not negate a negligence claim when the duty alleged arises from the relationship the parties have created through their agreement or when the damaging party possesses knowledge or skill superior to that of an ordinary person. (Doc. No. 11 at 5-7) Baily maintains that Harcros' knowledge and the past course of conduct between them define Harcros' duty to provide food grade product. (Id. at 7)

While a mere breach of contract does not provide a basis for tort liability, the negligent act or omission which breaches the contract may serve as a basis for an action in tort. Union Elec. Co. v. Chicago Bridge & Iron Co., 2015 WL 1262941, at *6 (E.D.Mo. Mar. 19, 2015). "If the duty arises solely from the contract, the action is contractual. The action may be in tort, however, if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement." Id. (quoting Liberty Mut. Fire Ins. Co. v. Centimark Corp., 2008 WL 5423440, at *2 (E.D.Mo. Dec. 29, 2008)).

Here, Baily alleges that Harcros had a duty to provide it with product that was "food grade" quality and "otherwise complied with all requirements of the FDA and any similar regulatory agency for the use of Glacial Acetic Acid in food products." (Compl. at ¶ 25) Baily

further alleges that Harcros breached this and other "common law and statutory duties" by providing it with product that was not "food grade" quality. (Id. at ¶ 26) Thus, it would be premature for this Court to find that Baily's allegations arise solely in contract. Accordingly, for purposes of the instant motion, the Court finds Bailey's complaint is sufficient for it to maintain its negligence action. Harcros' motion to dismiss Count I of Baily's complaint will be denied.

**Breach of warranties (Counts II, III, IV)**

Harcros argues that any claim asserted by Baily for breach of warranty arising out of the sale of Glacial Acetic Acid prior to October 7, 2010 is time barred under Mo. Rev. Stat. § 400.2-725. (Doc. No. 8 at 6-9) Pursuant to § 400.2-725(1), an action for breach of contract for sale must be commenced within four years after the cause of action has accrued, that is, when the breach occurs. "A breach of warranty occurs when tender of delivery is made," unless there is an explicit warranty extending to future performance, in which case the cause of action accrues when the breach is or should have been discovered. § 400.2-725 (2). Harcros argues that Baily has failed to plead the existence of any such warranty.

Baily responds that it filed its claims within four years of the last known date Harcros shipped Glacial Acetic Acid to Baily, October 8, 2010, and thus within the required limitations period. (Doc. No. 11 at 2-3) Further, Baily argues it did not limit its claims to deliveries up to and including October 8, 2010; rather, it alleged that deliveries occurred from 2007 *through at least* October 8, 2010, leaving room for claims based on other deliveries to be identified during discovery. (Id. at 10) (Emphasis added.)

In considering a Rule 12(b)(6) motion based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011);

Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Baily filed its complaint on October 7, 2014. Thus, in order to prevail on its statute of limitations defense, Harcros has the burden of establishing that Baily's cause of action accrued more than four years prior to that date. The complaint itself does not establish such a fact.

As discussed above, a breach of warranty occurs when tender of delivery is made. See, Mo. Rev. Stat. § 400.2-725 (2). Bailey alleges that in 2007, it began purchasing product from Harcros for its Spice King food sauce product, including Glacial Acetic Acid. (Compl. at ¶ 9) Baily further alleges that Harcros continued to deliver Glacial Acetic Acid to Baily "through at least October 8, 2010." (Id. at ¶ 14) Because the complaint does not explicitly allege the last date of delivery, it is not clear at this time that these counts are time-barred. Harcros' motion must, therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [7] is **DENIED**.

**IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate order.

Dated this 15th day of April, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**